The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging, and a referee has made findings, that respondent Joseph Charles Irby has committed professional misconduct warranting public discipline-namely, incompetently failing to comply with the procedural rules for issuance of subpoenas to depose witnesses in a criminal matter, taking the sworn statement of a state's witness pursuant to an improperly issued subpoena and without notice to the state, failing to comply with the state's request for a copy of the sworn statement thus requiring that the state file a motion to compel, frivolously threatening to file a motion for contempt when counsel for another witness refused to instruct his client to comply with respondent's improper subpoena, using a fee template from another lawyer without reviewing it for ethical compliance, failing to review a fee agreement prepared by a legal assistant that contained confusing language regarding the basis of his attorney's fee, characterizing an advance fee as "non-refundable" in a fee agreement, failing to maintain accurate billing records that resulted in charging a client for business renewals that were never filed and failing to make a refund, and failing to deposit a client's unearned advance fee payment into a trust account, in violation of Minn. R. Prof. Conduct 1.1, 1.3, 1.5(a), 1.5(b), 1.5(b)(3), 1.15(c)(3), 1.15(c)(5), 3.1, 3.4(c), 4.4(a), and 8.4(d).
Respondent and the Director have entered into a stipulation for discipline. In it, the parties stipulate that the referee's findings of fact and conclusions of law are conclusive, and respondent waives his procedural rights under Rule 14(g), Rules on Lawyers Professional Responsibility (RLPR). The parties jointly recommend that the appropriate discipline is a public reprimand followed by 2 years of supervised probation.
This court has independently reviewed the file and approves the jointly recommended disposition.
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED THAT:
1. Respondent Joseph Charles Irby is publicly reprimanded.
2. Respondent shall pay $ 900 in costs pursuant to Rule 24, RLPR.
3. Respondent is placed on probation for 2 years, subject to the following terms and conditions:
a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide to the Director a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.
*252 b. Respondent shall abide by the Minnesota Rules of Professional Conduct.
c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Within 2 weeks of the date of this order, respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (d) below. Respondent shall make active client files available to the Director on request.
d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.
e. Within 30 days from the date of this order, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.
f. Within 60 days from the date of this order, respondent shall make restitution to K.W. in the amount of $ 228 and provide the Director with documentation thereof.
g. The Director, at her sole discretion, may elect to terminate respondent's probation after 1 year if respondent complies with the terms of his probation and receives no additional complaints of misconduct.
BY THE COURT:
/s/ David L. Lillehaug
David L. Lillehaug
Associate Justice